U.S. COURTS

DEC 30 2022

Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

1  Robert Wilkins #01136648
2  7210 Barrister Drive
3  Boise, ID 83704-9217
4
5
6      United States District Court
7       For the District of Idaho
8

| | |
|---|---|
| 9  Robert Wilkins | Case No. |
| 10       Plaintiff, | |
| 11 | |
| 12  V. | Prisoner Complaint |
| 13 | |
| 14  Meridian Police Department, et al., | Jury Trial Requested: Yes |
| 15  Andrew Herscowitz #3530 | |
| 16  Kenneth Caygle Kohring #3523 | Criminal Prosecution Requested: |
| 17  Robert J. Young #3528 | Yes |
| 18  Tuso K9 #K9505 | |
| 19  Lane Ahl #3517 | |
| 20  Whitney A. Faulkner ISB#7853 | |
| 21  Hunter Smith | |
| 22  Torch Towing | |
| 23  Joe Ryan | |
| 24  John Crigler | |

25
26
27
28

A. Jurisdiction

The united States District court for the District of
Idaho has jurisdiction over my claims under:

Title 28 U.S.C.S. Section 1331
Title 28 U.S.C.S. Section 1343
Title 28 U.S.C.S. Section 1367
Title 42 U.S.C.S. Section 1983
Title 42 U.S.C.S. Section 1985
Title 42 U.S.C.S. Section 1986
Title 42 U.S.C.S. Section 1987
Title 42 U.S.C.S. Section 1988

# B. Plaintiff

1. Robert Wilkins, I am a united states citizen and I am a citizen of the State of Idaho, Presently residing at 7210 Barrister Drive, Boise Idaho 83704-9217

C.1. Defendant and cause of Action

1.

I am suing meridian Police Department, et al,
who was acting as municipal corporation and or
Law Enforcement Agency for the city of meridian

2. Factual Basis of claim
    I am complaining that on or after September 14, 2022,
Defendant did the following: Please read statement of
Facts, Points and Authority and Argument Attached
to this complaint

3. Legal Basis of claim
    I state and or allege that the acts described above
and or in the statement of facts, Points and Authority
and Argument Attached to this complaint, violated
my 4th, 5th, 6th and 14th Amendment rights of the
united states constitution and Article 1, Section 13
and Section 17 of the Idaho State constitution.

4. I suffered the following injury or damages as a result:
    Loss of business revenue, Loss of income, loss of privacy, loss of
Property, Damage to property, loss of rights, loss of contractual
relations, unnecessary debt, loss of prospective economic advantage
loss of familial rights, impairment of reputation, humiliation, mental
anguish and suffering

C.1.b  Defendant and cause of Action

5. I am seeking the following relief:
   Prospective relief, Injunctive relief, Declaratory
   relief, Nominal relief and compensable relief of
   $2,400,000.

6. I am suing Defendant as an entity of the government.

7. Grievance System exhausted and or Not Applicable.

C.2.a Defendant and cause of Action

1. I am suing Andrew Herscowitz badge # 3530, who was acting as Police officer for the city of meridian Police Department.

2. Factual Basis of claim

I am complaining that on September 14th, 2022, Defendant did the following: Please read statement of facts, Points and Authority and Argument Attached to this complaint

3. Legal Basis of claim

I state and or allege that the acts described above and or in the statement of facts, Points and Authority and Argument Attached to this complaint, violated my 4th, 5th, 6th and 14th Amendment rights of the united States constitution and Article 1, section 13 and Section 17 of the Idaho State constitution.

4. I suffered the following injuries or damages as a result: Loss of Business revenue, Loss of income, Loss of privacy, Loss of Property, Damage to property, Loss of rights, Loss of contractual relations, unnecessary debt, Loss of prospective economic advantage, Loss of familial rights, impairment of reputation, humiliation, mental anguish and suffering

1  C.2.b Defendant and cause of Action

2

3  5. I am seeking the following relief:

4  Prospective relief, Injunctive relief, Declaratory

5  relief, Nominal relief and compensable relief of

6  $2,400,000 .

7

8

9

10

11  6. I am suing Defendant in his personal and official

12  capacity

13

14

15

16

17

18

19

20

21  7. Grievance System exhausted and or Not Applicable.

22

23

24

25

26

27

28

C. 3. a   Defendant and cause of Action

1. I am suing Kenneth Caygle Kohring #3523., who was acting as Police officer or Detective for the city of Meridian Police Department

2. Factual Basis of claim

   I am complaining that on or after September 14th, 2022, Defendant did the following: Please read statement of facts, Points and Authority and Argument Attached to this complaint

3. Legal Basis of claim

   I state and or allege that the acts described above and or in the Statement of facts, Points and Authority and Argument Attached to this complaint, violated my 4th, 5th, 6th and 14th Amendment rights of the united states constitution and Article 1, Section 13 and Section 17 of the Idaho state constitution.

4. I suffered the following Injuries or damages as a result: Loss of Business revenue, Loss of Income, Loss of privacy, Loss of property, Damage to property, Loss of rights, loss of contractual relations, unnecessary debt, loss of prospective economic advantage, loss of familial rights, impairment of reputation, humiliation, mental anguish and suffering

C.3.b

5. I am seeking the following relief:
Prospective relief, Injunctive relief, Declaratory
relief, Nominal relief and compensable relief of
$2,400,000 .

6. I am suing Defendant in his personal and official
   capacity

7. Grievance system exhausted and or not Applicable .

1   c.4.a Defendant and cause of Action
2   1. I am suing Robert J. Young badge #3528,
3       who was acting as Police officer for the city of
4       meridian Police Department.
5
6   2. Factual Basis of claim
7       I am complaining that on September 14th, 2022,
8   Defendant did the following: Please read Statement of
9   facts, Points and Authority and Argument Attached
10  to this complaint
11
12
13  3. Legal Basis of claim
14      I state and or allege that the acts described above
15  and or in the statement of facts, Points and Authority
16  and Argument Attached to this complaint, violated
17  my 4th, 5th, 6th and 14th Amendment rights of the
18  united states constitution and Article 1, section 13
19  and Section 17 of the Idaho state constitution.
20
21  4. I suffered the following injuries or damages as a result:
22      Loss of Businee revenue, Loss of income, Loss of Privacy, Loss of
23  Property, Damage to property, Loss of rights, Loss of contractual
24  relations, unnecessary debt, Loss of prospective economic
25  advantage, Loss of familial rights, Impairment of
26  reputation, humiliation, mental anguish and suffering
27
28

Prisoner complaint - page 10 of 48

1  c.4.b Defendant and cause of Action

2

3  5. I am seeking the following relief:

4  Prospective relief, Injunctive relief, Declaratory

5  relief, Nominal relief, Punitive relief, compensable

6  relief of $2,400,000.00 and all other relief the court

7  deems appropriate.

8

9

10

11  6. I am suing Defendant in his personal and official

12  capacity

13

14

15

16

17

18

19

20

21  7. Grievance System exhausted and or not Applicable.

22

23

24

25

26

27

28

C. 5. a  Defendant and cause of Action

1. I am suing TuSo K9 badge # K950S,
   who was acting as Police officer for the city of
   meridian Police Department

2. Factual Basis of claim
   I am complaining that on September 14th, 2022,
   DeFendant did the following: Please read Statement of
   facts, Points and Authority and Argument Attached
   to this complaint

3. Legal Basis of claim
   I state and or allege that the acts described above
   and or in the statement of facts, Points and Authority
   and Argument Attached to this complaint, violated
   my 4th, 5th, 6th and 14th Amendment rights of the
   united States constitution and Article 1, Section 13
   and section 17 of the Idaho State constitution.

4. I suffered the following injuries or damages as a result:
   Loss of Business revenue, Loss of income, Loss of privacy, Loss of
   Property, Damage to property, Loss of rights, Loss of contractual
   relations, unnecessary debt, Loss of prospective economic
   advantage, Loss of familial rights, Impairment of
   reputation, humiliation, mental anguish and Suffering

c. 5. b. Defendant and cause of Action

5. I am seeking the following relief:
Prospective relief, Injunctive relief, Declaratory
relief, Nominal relief, Punitive relief, compensable
relief of $2,400,000.00 and all other relief the court
deems appropriate

6. I am suing Defendant in his personal and official
    capacity

7. Grievance system exhausted and or not Applicable.

C. 6. a  Defendant and cause of Action

1. I am suing Lane AhL badge # 3517 ,
   who was acting as Police officer for the city of
   meridian Police Department.

2. Factual Basis of claim
   I am complaining that on september 14th, 2022,
   Defendant did the following: Please read statement of
   facts, Points and Authority and Argument Attached
   to this complaint

3. Legal Basis of claim
   I state and or allege that the acts described above
   and or in the statement of facts, Points and Authority
   and argument Attached to this complaint, violated My
   4th, 5th, 6th and 14th Amendment rights of the
   united states constitution and article 1, Section 13
   and section 17 of the Idaho state constitution.

4. I suffered the following injuries or damages as a result:
   Loss of Business revenue, Loss of income, Loss of privacy, Loss of
   Property, Damage to property, Loss of rights, Loss of contractual
   relations, unnecessary debt, Loss of prospective economic
   advantage, Loss of familial rights, impairment of reputation
   humiliation, mental anguish and suffering

1    C.6.b  Defendant and cause of Action

2

3    5. I am seeking the following relief:

4    prospective relief, Injunctive relief, Declaratory

5    relief, Nominal relief and compensable relief of

6    $ 2,400,000  .

7

8

9

10

11    6. I am suing Defendant in his personal and official

12    capacity

13

14

15

16

17

18

19

20

21    7. Grievance system exhausted and or Not Applicable .

22

23

24

25

26

27

28

C. 7. a  Defendant and cause of Action

1. I am suing whitney A. Faulkner ISB# 7853,
   who was acting as Deputy Prosecuting Attorney for Ada
   county

2. Factual Basis of claim
   I am complaining that on or After September 14th, 2022,
   Defendant introduce illegal Evidence and did the following:
   Please read statement of Facts, Points and Authority and
   Argument Attached to this complaint

3. Legal Basis of claim
   I State and or allege that the acts described above
   and or in the statement of Facts, Points and Authority
   and Argument Attached to this complaint, violated
   my 4th, 5th, 6th and 14th Amendment rights of the
   united States constitution and Article 1, section 13
   and section 17 of the Idaho state constitution.

4. I suffered the following injuries or damages as a result:
   Loss of Business revenue, Loss of Income, Loss of property, Loss of
   Privacy, Loss of rights, Impairment of reputation, humiliation
   mental anguish, Loss of contracts etc

1 | C.7.b  Defendant and cause of action

2

3 | 5. I am seeking the following relief:

4 | prospective relief, Injunctive relief, Declaratory

5 | relief, Nominal relief and compensable relief of

6 | $2,400,000    .

7

8

9

10

11 | 6. I am suing Defendant in his personal and official

12 | capacity

13

14

15

16

17

18

19

20

21 | 7. Grievance System exhausted and or not Applicable.

22

23

24

25

26

27

28

1  C. 8. a Defendant and cause of Action
2  1. I am Suing John Crigler Informant, who was
3     acting jointly with city and state as a contractual
4     Informant and or Agent
5

6  2. Factual Basis of claim
7     I am complaining that on September 14th, 2022
8     Defendant did the following: Please read Statement of
9     Facts, Points and Authority and Argument Attached
10    to this complaint.
11

12

13 3. Legal Basis of claim
14    I State and or allege that the acts described above
15  and or in the Statement of Facts, Points and Authority
16  and Argument Attached to this complaint, violated
17  my 4th, 5th, 6th and 14th Amendment rights of the
18  united States constitution and Article 1, Section 13
19  and section 17 of the Idaho State constitution.
20

21 4. I Suffered the following injuries or damages as a result:
22    Loss of Business revenue, Loss of income, Loss of privacy, Loss of
23  Property, Damage to property, Loss of rights, Loss of contractual
24  relations, unnecessary debt, Loss of prospective economic
25  advantage, Loss of familial rights, Impairment of reputation,
26  humiliation, mental anguish and suffering
27

28

1   c.8.b  Defendant and cause of Action

2

3   5.  I am Seeking the following relief:

4   Prospective relief, Injunctive relief, Declaratory

5   relief, Nominal relief and compensable relief of

6   $2,400,000

7

8

9

10

11   6.  I am Suing Defendant in his individual, Personal and

12   official capacity

13

14

15

16

17

18

19

20

21   7.  Grievance System exhausted and or Not Applicable.

22

23

24

25

26

27

28

1    Statement of facts, Points and Authority and Argument

2

3   At the time of the officers and tipster challenged
4   conduct and or before the officers and tipster
5   challenged conduct, The Idaho district courts, Idaho
6   Appellate courts, Idaho supreme court, united states
7   District court, united states court of Appeals, and the
8   united states supreme court Provided case Law Precedent
9   that Placed Mr. Wilkins state constitutional rights and
10  united states constitutional rights beyond Debate

11

12  meridian Police department, its officers and the tipster
13  have violated Mr. Wilkins rights in the Idaho
14  constitution Article 1 Sections 13 and 17,
15  as well as the First Amendment, fourth Amendment,
16  Fifth Amendment, sixth Amendment and fourteenth
17  Amendment rights to the united states constitution.

18

19

20  Mr. Wilkins have been unlawfully and forcibly restrained in
21  violation of Article 1 sections 13 and 17 of the Idaho
22  constitution and the First, fourth, fifth, sixth and
23  fourteenth Amendment to the united states constitution
24  and injuries, due to that seizure, follow as prosecution
25  goes ahead, therefore malicious prosecution is a
26  constitutional tort that is cognizable under title 42 united
27  states Code Section 1983. Jones V. city of Rockmart, 2006
28  U.S. App. Lexis 5971 (11th cir. Mar. 10, 2006)

1  Caniglia v. Strom, 141 S.ct. 1596
2  Davis v. Strack, 270 F.3d 111, 122 (2d cir. 2001)
3  To Invoke federal Law one must cite the fourteenth
4  Amendment.
5
6  The city of meridian Police department and the officers
7  involved in this case, knowingly and willingly conspired
8  to skirt or undermind the fourth Amendment to the united
9  States constitution, fourteenth Amendment and Article 1
10  sections 13 and 17  warrant requirement. The officers involved
11  received initial and Post secondary training on how to
12  circumvent and bypass the well established Law of the
13  Land, which is the united states constitution and the
14  constitution of the state of Idaho. All officers involved
15  are indeed in violation of title 18 U.S.C. section 241. and
16  242., and subject to prosecution pursuant to title 42 U.S.C.
17  sections 1983, 1985, 1986 and 1987.
18
19  The Police conduct violated clearly established Law.
20  cunningham v. City of Wenatchee, 345 F.3d 802, 807 (4th cir. 2003)
21
22  See Jones, 565 U.S. at 408 n5
23      Physical intrusion conjoined with an attempt to
24      find something or to Obtain Information, constitutes
25      a search.
26
27
28

1  The circumstances surrounding the warrantless searches
2  and seizure violated the fourth, fifth and fourteenth
3  Amendment to the united states constitution and Article
4  1 sections 13 and 17 of the Idaho constitution, because
5  Mr. Wilkins was not free to leave. Consequently, a
6  seizure had taken place. Any trickery consent obtained
7  was involuntary and the seizure took place without
8  probable cause, Reasonable suspicion, Reasonable belief, or
9  articulable suspicion that illegal activity was and or
10 were present. See La'Duke v. Nelson, 762 F.2d 1318
11 Ninth circuit court of Appeals  march 6, 1985
12
13 Mr. Wilkins seeks a permanent Injunction against the
14 city of meridian and its officers. see
15 La'Duke v. Nelson, 762 F.2d 1318
16
17 The arresting officer unlawfully prolonged the stop. See
18 Rodriguez v. united states, 135 S.ct. 1609, 191 L.Ed.2d 492 (2015)
19
20 the arresting officers committed an Invasion of privacy
21 and trespass. this violation is enough to Invoke the
22 the fourth Amendment and fourteenth Amendment to the
23 united states constitution and Article 1 sections 13 and
24 17 of the Idaho constitution because property rights
25 are part and parcel of its protections.
26
27
28

1   the city of meridian and its police department
2   are liable for Deliberate Indifference and Negligence.
3   See Monell v. Dept of Soc. Servs. of city of New York, 436 U.S.
4   658, 694, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978)
5
6   see State v. Fry, 122 Idaho 100, 102, 831 P.2d 942, 944
7   (ct. App. 1991) Fourth Amendment violation.
8
9   The officers further detention and Investigation of
10  Mr. Wilkins and request for Identification was
11  unconstitutional because the reasonable suspicion
12  for the stop had dissipated when Mr. Wilkins
13  presented to officers the current store receipt from
14  Joe Mommas Resturant showing that Mr. Wilkins
15  was lawfully visiting the Joe Mommas Resturant.
16  See Robinson V. City of San Diego, 954 F.supp. 2d 1010
17  May 28, 2013 WL 2368368
18
19  Mr. Wilkins challenges the Pretrial Detention on
20  Fourth, Fifth and Fourteenth Amendment to the U.S.
21  constitution and Article 1 sections 13 and 17 Grounds.
22  see Ferstein v. Pugh, 420 U.S. 103, 95 S.ct. 854, 43 L.Ed. 2d.
23     54, the court decided that a Pretrial Detention
24     challenge was governed by the Fourth Amendment,
25     noting that the Fourth Amendment establishes the
26     minimum constitutional standards and Procedures not
27     Just for Arrest but also for Detention. See
28  Manuel V. city of Joliet, 197 L.Ed. 2d 312

1  One of the issues in this case is whether a tip
2  provided Law Enforcement officers with reasonable
3  suspicion to believe that Mr. Wilkins was engaged
4  in criminal activity. Tips do not exhibit sufficient
5  Indicia of reliability to establish reasonable suspicion
6  and therefore lacking Probable Cause. See
7  United States V. Morales, 252 F. 3d 1070  ninth circuit court of
8  Appeals. See Florida V. J. L., 2000 U.S. Lexis 2345
9  February 29, 2000 DK No. 98-1993 U.S. Suprem court.
10
11  The officers search was Pretextual.
12  The objective Evidence clearly established that the
13  only reason for the Stop was the officers belief that
14  Mr. Wilkins could Possibly be hauling contraband in
15  the truck and this violated the U.S. constitution
16  as well as the constitution of Idaho. See
17  United States V. Orozco, 858 F. 3d 1204  WL 2375934
18
19  The arresting officer was providing cover for criminal
20  Investigatory purposes, such as Drug Interdiction, for
21  which reasonable Suspicion or probable cause is
22  Lacking. See united States V. Orozco, 858 F.3d 1204
23
24  John Crigler an unknown tipster falsely reported an
25  Incident which is a misdemeanor. This incident lead to
26  a K9 dog Sniff that provided a false positive to search the
27  Vehicle. See Florida V. Harris, 568 U.S 237  Lack of records for dog.
28

1  Mr. Wilkins was not free to leave and Argues
2  United States V. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64
3  L.Ed. 2d 497 (1980)
4
5  The Arresting officers used overhead emergency lights and took
6  action to block Mr. Wilkins vehicle exit route at the
7  Joe Mommas resturant. See Willoughby, 147 Idaho at 487-88,
8  211 P.3d at 96-97. I.C. Section 49-623, I.C. Section 49-625,
9  and I.C. section 49-1404. there was a show of Authority.
10 see Bostick, 501 U.S. at 434.
11
12 The tipster was unknown.
13 the tipster did not call 911 emergency Line
14 the tipster did not reveal the basis of his knowledge
15 see Rowland, 464 F.3d at 908.
16 the tipster did not provide detailed predictive Information
17 Indicating insider knowledge of a crime and or that a
18 crime is about to be committed
19 The tipster used a non-emergency tip line. see
20 Foster V. City of Indio, 908 F.3d 1204, 1214 (9th cir. 2018)
21
22 The tipster is and was an unaccountable Informant
23 seeking to harass Mr. Wilkins by setting in motion an
24 intrusive, embarrassing Police Search, by relaying false
25 information. These factors render the information
26 Provided by the tipster, insufficient and unreliable to
27 support reasonable Suspicion.
28

1  the tipster intentionally called a non-emergency line
2  to falsify a report inorder to avoid being recorded and
3  traced by Law Enforcement and avoid criminal as well as
4  civil Liability.
5
6  As a result, the state and or officers failed to establish
7  that the officers was performing a community caretaking
8  function when the officers seized Mr. Wilkins for
9  refusing to Identify himself and or after the arresting
10  officer was shown a proof of sale receipt.
11
12  The unlawful seizure of Mr. Wilkins was not sufficiently
13  attenuated from the discovery of contraband. As such,
14  the exclusionary rule Applies, and the evidence should
15  have been Suppressed.
16
17  It is no doubt true that law Enforcement and almost any
18  other government function would be more efficient and
19  more convinient if officers could skirt the fourth Amendment.
20  But neither the original understanding of the fourth Amendment.
21  nor supreme court Precedent Permits a Policy of Indisciminate
22  searches and seizures for such an ordinary Government
23  Enterprise. The courts Job and or Duty is to Safeguard against
24  even Stealthy Encroachments on the fourth ▓▓ Amendment.
25  The court and or Judge should not expand Article 1 section 17 and
26  fourth Amendment exceptions to accommodate the city and or
27  states bad Policy, Practice, Procedure or Program and hold that it
28  is unconstitutional.

1  The officer's conduct was nothing more than a
2  suspicionless fishing expedition in the hope that something
3  would turn up. Such purposeful conduct is simply
4  untenable and is exactly the type or flagrantly unlawful
5  conduct the fourth Amendment, fourteenth Amendment
6  and Article 1 Section 13 and 17, is designed to Protect
7  against. see State v. Hollist, 513 P. 3d 1176
8
9  Discovery of the evidence was not sufficiently attenuated
10 from the Illegal stop as to break the causal chain
11 between the unconstitutional stop and the discovery of
12 the evidence. see state v. Hollist, 513 P.3d 1176
13
14 The original purpose of the call was Akin to a Public
15 Safety check, welfare check and or Possible loitering
16 infraction. Mr. wilkins quickly Dispelled any suspicions
17 and or any Justification for a care taking function.
18
19 the officer insisted on detaining Mr. Wilkins until he
20 Identified himself, apparently for the sole purpose of
21 learning whether Mr. Wilkins had any outstanding
22 warrants. State v. Hollist, 513 P.3d 1176
23
24 The court made clear in, State V. Page, 140 Idaho 841
25 Supreme court of Idaho, December 15, 2004 Docket No. 29735
26
27
28

That officers have no right to detain a Pedestrian solely for the purpose of Identification. The officers Fixation on Identifying Mr. Wilkins, Despite his attempts to leave, crosses beyond the line of negligent conduct, and instead falls in the realm of purposeful and Flagrant conduct.

The officer was fixated on determining whether Mr. Wilkins had any outstanding warrants based on no Particularized suspicion.

The officers were not acting in accord with well established Law. the officers conduct was Purposeful and flagrant.

Mr. Wilkins asserts that the discovery of his outstanding warrant did not Purge the taint of unlawful seizure and search and the contraband subsequently located by Police should be suppressed.

There are three factors for a court to consider when determining whether unlawful conduct has been adequately attenuated. Those factors are: (1) the elapsed time between the misconduct and the acquisition of the Evidence, (2) the occurrence of Intervening circumstances, and (3) the Flagrancy and Purpose of the improper law enforcement action. Hicks V. city of vallejo, 2017 u.s. Dist. Lexis 13489

1  Police officers cannot retroactively justify a suspicionless
2  search and seizure or arrest on the after the fact
3  discovery of an arrest warrant or a parole condition.
4
5  Weeks v. United States,
6  Mee v. City of Los Angeles, 1999 U.S. App. Lexis 25610
7  Misstatement of law is not reversible error because
8  the court correctly stated the law.
9
10  The government fails to satisfy its burden to show that
11  the gun is not the fruit of the poisonous tree, or
12  Invoke the attenuation doctrine and Inevitable
13  discovery doctrine.
14
15  An opinion by a state intermediate appellate court is
16  authoritative for purposes of defining a state statute
17  where the opinion has construed the statute, where
18  the state's highest court has refused review, and
19  where the opinion has been the law of the state for
20  9 years.
21
22  Article 1 Sections 13 and 17, as well as the fourth and
23  fourteenth Amendment concerns are Implicated where
24  a state statute permits Investigative detentions in
25  situations where the Police officers lack a Reasonable
26  Suspicion of criminal activity based on objective facts.
27
28

1  void for vagueness Doctrine
2  requires actual notice to citizens and Arbitrary
3  enforcement.
4  Kolender V. Lawson, 461 u.s. 352
5  united states supreme court May 2, 1983
6
7  The city of Meridian and or meridian Police Department
8  failed to establish guidelines, that are not contrary to
9  the united states constitution and constitution of the
10 state of Idaho, to govern its Law Enforcement.
11
12 when officers seized and or detained Mr. wilkins to obtain
13 his name and address, they Performed a seizure of his
14 Person subject to the requirements of the fourth Amendment
15 and Article 1 section 17 of the Idaho constitution.
16 Brown V. Tex, 443 U.S. 47
17 Supreme court of the united states 06/25/1979 Decided
18 Docket No. 77-6673
19
20 the officers lacked any reasonable Suspicion, based on
21 objective facts, to believe that Mr. wilkins was
22 engaged or had engaged in criminal conduct. Thus,
23 the risk of arbitrary and abusive Police Practices
24 exceeded the tolerable limits. See Brow v. Tex, 443 U.S. 47.
25
26 The Idaho code and or statute that required Mr. wilkins to
27 Identify himself violated the fourth Amendment and Article 1
28 sections 13 and 17 because it required no basis for

1  Suspecting defendant and or Mr. Wilkins of any
2  misconduct.
3
4  The Arresting officers violated Idaho code 19-601, 19-602,
5  19-603 and 19-608.
6
7  the Arresting officers performed a Illegal arrest and
8  seizure pursuant to Idaho code section 18-703.
9
10  officers prevented Mr. Wilkins from driving away.
11  This violated the fourth Amendment and Idaho
12  constitution Article 1 section 13 and 17.
13  State V. Liechty, 152 Idaho 163.
14
15  The meridian Police Department and Arresting officers
16  did violate Mr. Wilkins state constitutional rights
17  Article 1 sections 13 and 17, as well as the 4th, 5th, 6th
18  and 14th Amendment to the United states constitution,
19  deliberately, recklessly with gross negligence. this
20  case involves recurring and systemic negligence.
21
22  Evidence obtained in violation of the Idaho constitution
23  Article 1 sections 13 and 17, as well as the fourth and
24  fourteenth Amendment to the united states
25  constitution is subject to the united states and
26  state of Idaho Exclusionary Rule, which requires
27  unlawfully seized evidence to be excluded from Trial.
28

1  The exclusionary rule requires the suppression of both
2  Primary Evidence obtained as a direct result of an
3  Illegal search or seizure and evidence later discovered
4  and found to be derivative of an Illegality, the
5  Proverbial fruit of the Poisonous tree.
6
7  Flagrant and purposeful Police Misconduct supports the
8  exclusion of Evidence. see
9  Cohagan, 162 Idaho at 723, 404 P.3d at 665
10
11  misconduct is Flagrant and Purposeful when it is
12  Investigatory in deSign and executed in the hope
13  that something might turn up. Brown V. Illinois,
14  422 U.S. 590, 605, 95 S.Ct 2254, 45 L.Ed. 2d 416 (1975)
15
16  the city of meridians Police Departments systemic error
17  or reckless disregard for constitutional requirements
18  constitutes Flagrant and Purposeful misconduct.
19
20  In the traffic stop context, authority for a Seizure
21  ends when the tasks related to the stop are, or
22  reasonably should have been completed. See
23  Illinois V. Caballes, 543 U.S. 405, 407, 125 S.Ct. 834,
24  160 L.Ed. 2d 842 (2005)
25
26  officers may not deviate from the purpose of the
27  stop by Investigating, or taking Precautions incident
28  to Investigating, other crimes without

1  independent reasonable suspicion.
2  State v. Still, 166 Idaho 351, 356, 458 P.3d. 220, 225
3  (ct. App. 2019).
4

5  The officer who initiated the stop at Joe Mommas
6  resturant, suspended his mission to act as cover for the
7  Dog sniff, rendering his actions no longer justified
8  by reasonable suspicion of loitering.
9

10  There was no possibility that Mr. Wilkins could have reached
11  into the area that Law Enforcement officers seek to
12  search, therefore both justifications for the
13  search incident to arrest exception are absent and
14  the rule does not apply. see Arizona v. Gant, 556 U.S.
15  332, 129 S.ct. 1710, 173 L.Ed. 2d 485  Decided April 21, 2009
16  Docket No. 07-542 Rodney Joseph Gant.
17

18  The meridian Police department and/or Arresting officers,
19  conducted a search without prior approval by a judge
20  and/or Magistrate, making the search unreasonable
21  under the fourth, Fifth and fourteenth Amendment to
22  the united states constitution and the Idaho
23  constitution Article 1 Sections 13 and 17. see
24  Arizona v. Gant, 556 U.S. 332, 129 S.ct. 1710, 173 L.Ed. 2d
25  485. united states v. Ngumezi, 980 F.3d 1285
26
27
28

1  Mr. Wilkins was seized within the meaning of the
2  Fourth Amendment to the United States Constitution
3  and Article 1 Section 17 of the Idaho Constitution, when
4  Officer Andrew Herscowitz, badge number 3530, of the
5  Meridian Police Department, located in the city of Meridian,
6  ADA county, State of Idaho, Demanded to see Mr. Wilkins
7  Drivers License. This was a Defacto Arrest.
8
9  The License check was not reasonable under Idaho Code
10  Section 49-316, as the record was devoid of any showing
11  that the officers believed Mr. Wilkins to be unlicensed or
12  observed him violating any Law or that the vehicle was
13  otherwise subjected to seizure. The seizure was not
14  reasonable as an investigatory detention and did not
15  come within the officers community caretaking
16  Function. See State V. Osborne, 121 Idaho 520
17
18  Mr. Wilkins contends that his case is factually similar
19  to; State V. Osborne, 121 Idaho 520
20  Arizon V. Gant, 556 U.S. 332, 129 S.Ct 1710, 173 L.Ed. 2d 485
21  State V. Hollist, 513 P.3d 1176,
22  State V. Cohagan, 162 Idaho 717
23  State V. Liechty, 152 Idaho 163
24  Brown V. Tex., 443 U.S. 47
25  Rodriguez V. United States, 575 U.S. 348
26  State V. Casad, 139 Wash. App. 1032, 2007
27  State V. Rauch, 99 Idaho 586
28

1  The Fourth Amendment of the united states
2  constitution guarantees all individuals the right to be
3  free from unreasonable searches and seizures. The
4  fourth Amendment has been incorporated through the
5  Due Process clause of the fourteenth Amendment of
6  the united states constitution to apply to the States,
7  see Mapp V. Ohio, 367 U.S. 643, 654-655 (1961)
8
9  The Purpose of the fourth Amendment is to impose a
10 standard of reasonableness upon the exercise of
11 discretion by government officials, including Law
12 enforcement agents, in order to safeguard the
13 Privacy and security of individuals against invasions.
14 See Delaware V. Prouse, 440 U.S. 648, 653-654 (1979),
15 qouting Marshall V. Barlows, Inc., 436 U.S. 307, 312 (1978)
16
17 Evidence obtained in violation of the fourth Amendment
18 is subject to the Exclusionary rule, which requires
19 unlawfully seized evidence to be excluded from trial.
20 See Wong sun V. united states, 371 U.S. 471, 484 (1963).
21
22 The exclusionary rule requires the suppression of both
23 Primary evidence obtained as a direct result of an illegal
24 search or seizure or Evidence later discovered and
25 found to be derivative of an illegality, the Proverbial
26 Fruit of the Poisonous tree. see Segura V. united states,
27 468 U.S. 796, 804 (1984); see also State v. McBaine, 144 Idaho
28 140, 133 (ct. App. 2007)

1  Article 1, section 17 of the Idaho Constitution also
2  provides that the right of the people to be secure
3  against unreasonable searches and seizures shall not be
4  violated. While it is true that the language of
5  Article 1 section 17 and the fourth Amendment are
6  almost Identical, Idaho's constitution stands on its
7  own, and although we may look to the rulings of the
8  Federal courts on the United States constitution for
9  guidance in interpreting our own state constitutional
10  guarantees, we interpret a seperate and in many respects
11  Independent Constitution. Hellar V. Cenarrusa, 106 Idaho 586,
12  590 (1984).

13

14  Federal and state constitutions derive their power
15  from Independent sources. It is thus readily
16  apparent that state courts are at liberty to find
17  within the provisions of their own constitutions
18  greater protections than is afforded under the federal
19  constitution as Interpreted by the United States
20  Supreme Court. This is true even when the
21  constitutional provisions implicated contain similar
22  phraseology. Long gone are the days when the state
23  courts will blindly apply United States Supreme Court
24  Interpretation and methodology when in the process of
25  interpreting their own constitution.

26

27

28

1   State V. Thompson, 114 Idaho 746, 748 (1988), quoting
2   State V. Newman, 108 Idaho 5, 10 n. 6 (1985).
3      We finally and unequivocally no longer adhere to a policy of
4   sheepishly following in the footsteps of the United States
5   Supreme Court in the area of state constitutional analysis.
6   State V. Pettit, 162 Idaho 849, 854 (2017); quoting
7   State V. Guzman, 122 Idaho 981, 998 (1992).
8
9      Article 1, Section 17 of the Idaho constitution
10  provides even greater protections than the fourth
11  Amendment against unreasonable searches and seizures.
12  such as the unlawful arrest in this case and
13  supports suppression of the fruit of such an unlawful
14  arrest. This is apparent from Idaho's longstanding
15  jurisprudence on the subject. Idaho's exclusionary
16  rule under Article 1, Section 17 is constitutionally
17  distinct from the federal exclusionary rule, having
18  been enunciated and applied in State V. Arregui, 44
19  Idaho 43 (1927), which predates Mapp V. Ohio by 34 years.
20  In Arregui, the Idaho Supreme Court reversed the trial
21  court's denial of the defendant's motion to suppress
22  evidence applied the exclusionary rule, and rejected an
23  earlier rule that permitted the admission of illegally
24  obtained evidence. In doing so, the court declared:
25
26  "A continued disregard of the rights guaranteed under the
27  4th and 5th Amendments, and the principles thereof
28  incorporated in state constitutions, heads us directly to

1  revolution against their usurpation, if history tells
2  us correctly that violation of the rights sought to be
3  protected thereby was one of the chief moving reasons
4  for the revolution. If, one by one, the rights
5  guaranteed by the federal constitution, can and must,
6  for expediency's sake, be violated, abolished, stricken
7  from that immortal document, and from state
8  constitutions, we will find ourselves governed by
9  expediency, not laws or constitutions, and the
10 revolution will have come. I can see no such
11 expediency or necessity for the enforcement of any
12 law, as to justify violation of constitutional rights
13 to accomplish it. The shock to the sensibilities of
14 the average citizen when his government violates a
15 constitutional right of another is far more evil in its
16 effect than the escape of any criminal through the
17 courts observance of those rights. As said in
18 Gouled V. United States, Supra [255 U.S. 298, 302, (1921)],
19 'A rule of practice must not be allowed for any
20 technical reason to prevail over a constitutional right';
21 and any rule which does so is not founded upon reason
22 or justice."
23
24 Arregui, 44 Idaho at 57-58. It was with this that the
25 Idaho Supreme Court "blessed the people of Idaho
26 with substantial protections against improper and
27 unconstitutional incursions into their lives. Those
28 protections remain intact insofar as the Idaho

constitution is concerned," Guzman, 122 Idaho at
991.

Accordingly, Idaho courts have long recognized that the
admission of illegally seized evidence would constitute
an additional, independent constitutional violation.
See State v. Rauch, 99 Idaho 586 (1978).
They have also long recognize that constitutional
violations take a heavier toll on society than the
possibility that a guilty party may go free. See
Guzman, 122 Idaho at 993 (rejecting a "good faith"
exception to the warrant requirement under the Idaho
Constitution); State v. Lepage, 102 Idaho 387 (1981)
(jailhouse plant used to garner represented defendant's
incriminating statements violated right to counsel under
both Sixth Amendment and Article 1, sections 13).

The Idaho supreme court has "construed Article 1,
section 17 to provide greater protection than is
provided by the united states supreme court's
construction of the fourth Amendment."
State v. Koivu, 152 Idaho 511, 519 (2012); see also
united states constitution Amendment four. The court
provides "greater protection to Idaho citizens
based on the uniqueness of our state, our
constitution, and our long standing Jurisprudence."
State v. Donato, 135 Idaho 469, 472 (2001).

21

1  The court provided greater protection to Idaho
2  citizens in clarke. In clarke, the court held
3  that Article 1, Section 17 of the Idaho constitution
4  Prohibited an officer from making a warrantless
5  arrest for completed misdemeanor that occurred outside
6  his presence, 165 Idaho at 399. In reaching this
7  decision, the court considered the common Law
8  Practices and statutes before the adoption of the
9  Idaho constitution in 1890. The court relied on
10  pre-1890 caselaw and statutes because that
11  historical common Law could best determine "the
12  framers intent for the rights guaranteed by
13  Article 1, section 17 prohibited warrantless arrests
14  for completed misdemeanors.

15

16  while the court was fully mindful of the significance
17  of this conclusion, the court recognized that even
18  extremely powerful policy considerations must
19  yield to the constitutional rights afforded to all
20  Idaho citizens.

21

22

23

24

25

26

27

28

1  Mr. Wilkins Argues State v. Randall, 169 Idaho 358
2  Supreme court of Idaho Docket No. 48692
3  an exterior dog sniff by officer Robert Young badge #3528
4  and k9 officer Tuso badge # K9505, of Mr. Wilkins
5  vehicle constituted a search under the fourth Amendment
6  to the united States constitution and Article 1, section
7  17 of the Idaho constitution when both officers
8  trespassed into the and or onto the vehicle and thus,
9  absent a warrant, Probable cause, or consent, such a
10  search and Seizure violated the fourth, fifth and
11  fourteenth Amendment to the united States constititution
12  and Article 1, Sections 13 and 17 of the Idaho state
13  constitution. The officers and or state did not
14  establish a Lawful exception to the exclusionary rule,
15  see State v. Randall, 169 Idaho 358.

16
17  officers Andrew Herscowitz badge #3530
18  Detective Kenneth caygle Kohring badge # 3523
19  officer Robert Young badge # 3528
20  officer Tuso k9 badge # K9505
21  officer Lane Ahl badge # 3517
22  had a meeting of the minds, and acted to seize and
23  Search Mr. Wilkins vehicle as part of their overall
24  conspiracy to deprive Mr. Wilkins of his privacy and
25  Property rights.
26

1  The Ada county Prosecutors office and Prosecutor
2  Hunter Smith, has stated that they are intending to
3  use illegally obtained and or seized Evidence against
4  Mr. Wilkins which constitutes an additional,
5  Independent constitutional violation.
6  Hunter Smith, John Crigler and all five officers
7  are charged with Malicious Prosecution.
8  See State V. Rauch, 99 Idaho 586 (1978)
9
10  John Crigler is charged with violating title 42 U.S.C.S.
11  sections 1983 and 2000a.
12
13  John Crigler an associate of city Police have not
14  met the list of factors under
15  State V. Huntley, 513 P.3d 1141
16  Supreme court of Idaho
17  June 29, 2022    Docket No. 47981
18  2022 WL 2337755
19
20  A search conducted long after Mr. Wilkins was taken
21  into custody should be held not incident to arrest.
22  See chadwick, 433 U.S. at 15
23
24  Mr. Wilkins Search was not incident to arrest if remote
25  in time from arrest. See Preston V. united States, 376 U.S.
26  364, 367, 11 L.Ed. 2d 777, 84 S.ct. 881 (1964)
27
28

1   John crigler conspired with the state to deprive
2   Mr. Wilkins of his constitutional rights. see
3   Franklin V. Fox, 312 F. 3d 423, 445 (9th cir. 2002)
4
5     Joint Action test
6   A plaintiff and or Mr. Wilkins may demonstrate joint
7   action by proving the existence of a conspiracy or by showing
8   that the private party was a willful participant in joint
9   action with the state or its agents. see
10   Kimes V. Stone, 84 F. 3d 1121, 1126 (9th cir. 1996)
11
12   All defendants mentioned are charged with Gross
13   Negligence, Reckless, willful and wanton conduct,
14   Idaho code section 6-904C. 1.,
15   Idaho code section 6-904C. 2.
16
17     Monell Liability
18   Mr. Wilkins Argues Oquendo V. city of Boise, 2017 U.S. Dist.
19   Lexis 32608, case No. 1:15-CV-322-BLW,
20   Meridian city has a policy that gave officers complete
21   discretion to determine whether a drug dog sniff should
22   be undertaken. see meridian city Police Policy Manual.
23   There is nothing in the Policy directing officers to avoid
24   prolonging a investigatory and or traffic stop for a drug
25   dog sniff or even to take into account the possibility
26   of delay in determining whether to deploy the drug
27   dog. The Policy makes no attempt to require adherence
28   to Supreme court decisions.

1  This policy is unconstitutional on its face for ignoring
2  Supreme court Law. See Kirkpatrick v. city of Los
3  Angeles, 803 F.2d 485, 492 (9th cir. 1986).
4

5  The city of meridian  written Policy is unconstitutional
6  on its face, the causal relationship between the
7  Policy and the constitutional tort may be proved by
8  evidence of a single event rather than a pattern of
9  events that is required when the policy is not
10  unconstitutional on its face. There is a clear causal
11  relationship between a policy that ignores the Law
12  and Police conduct that violates that same Law.
13  Any motion seeking to dismiss the claims against
14  the city of meridian and or meridian Police
15  Department, should be denied.
16

17      Malicious Prosecution
18  Malicious Prosecution actions are not limited to
19  suits against prosecutors but may be brought against
20  other persons who have wrongfully caused the
21  charges to be filed. See Falbraith v. County of Santa Clara,
22  307 F.3d 1119, 1126-27 (9th cir. 2002).
23

24  The arresting officers and John Crigler improperly exerted
25  Pressure on the prosecutor, knowingly provided misinformation
26  to him, concealed exculpatory evidence, and engaged in
27  wrongful or bad faith conduct that was actively instrumental in
28  causing the initiation of legal proceedings.

1  see Awabdy v. City of Adelanto, 368 F.3d 1062, 1067
2  (9th cir. 2004)

3

4  This case involves Racial Targeting by John Crigler
5  and the meridian Police department. John crigler
6  consider that Joe mommas restaurant should be a
7  whites only Restaurant and the fact that a Black
8  Man was eating at his favorite restaurant made
9  him racially motivated to set in motion Malicious
10 prosecution for the purpose of harassment and
11 embarrasment. John crigler was recorded making
12 racial remarks to sheriff Deputy or Dispatch Ashley L. Bones
13 Badge # 5527. Dispatcher Ashley L. Bones asked John
14 crigler what mr. Wilkins was doing at the restaurant
15 that bothered him. John crigler said he doesn't know
16 but that its suspicious for a Black man who looks
17 like he's from chicago to be at the restaurant. John
18 crigler located the vehicle mr. Wilkins was in and
19 requested that the Arresting officer's stop and harass
20 mr. Willking before he leaves. Officers stood in the way
21 of Mr. Wilkins exit route and demanded Identification on
22 Private property. Officers agreed that prior to the
23 Identification request no crime had been committed.
24 see Preliminary transcripts and incident reports.
25 mr. Wilkins ask the court to declare that Absent reasonable
26 Articulable Suspicion and probable cause, it is unconstitutional
27 to use city, county and/or state services to harass another
28 U.S. and/or state of Idaho citizen.

1    All defendants are charged individually for

2

3    unlawful Seizure, unlawful search, unlawful Detention,
4    unlawful imprisonment, unlawful Arrest, unlawful
5    Impoundment, conspiracy, Defamation, excessive force,
6    Tortious Interference with business, Invasion of
7    Privacy, Intentional Infliction of Emotional Distress,
8    Negligent Infliction of Emotional Distress, Aiding and
9    Abetting tortious conduct, Intentional Interference
10   with contractual relations, Tortious Interference with
11   prospective economic advantage, Gross Negligence,
12   Failure to intercede, Loss of Familial Rights, unreasonable
13   use of force, Impairment of reputation, Personal humiliation,
14   Mental anguish and suffering, Deliberate Indifference,
15   Malicious Prosecution, racial profiling, racial targeting

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3  Mr. Wilkins respectfully request that this court
4  grant his motion to suppress Evidence on the basis
5  that he was unlawfully detained, seized, searched
6  and Arrested, without a warrant, without
7  exceptions to the warrant requirement. Such an
8  arrest is a violation of Article 1, section 13 and 17
9  of the Idaho constitution and the fourth and
10 fourteenth Amendment of the united states
11 constitution. Thus any and all evidence obtained
12 and or seized as a result of this unlawful arrest
13 is fruit of the Poisonous tree and must be
14 suppressed pursuant to the Exclusionary Rule.
15
16 Said motion will be based on the moving papers, any
17 exhibits and attachment there of, the Preliminary
18 hearing transcripts, the court file, criminal tipline
19 caller John Crigler testamony, Joe Mommas resturant
20 owners and staff, and such further evidence and
21 oral argument as may be presented at a hearing.
22
23
24
25
26
27
28

**U.S. COURTS**

1    certificate of mailing

2                                                    DEC 30 2022

3    I declare under penalty of perjury:    Rcvd_____Filed_____Time_____
                                             STEPHEN W. KENYON
4                                            CLERK, DISTRICT OF IDAHO

5    That I am the Plaintiff in this action, that I have

6    read the complaint, and that the information contained

7    in the complaint is true and correct.

8

9    I gave this complaint to Jail officials for mailing and

10   filing with the clerk of court under the Legal mail

11   Policy on 12/26/2022

12

13

14

15   Executed at: Ada County Jail

16

17   Dated: 12/26/2022        Signed: R. Wilkins

18                                     Robert Wilkins

19                                     Plaintiff

20

21

22

23

24

25

26

27

28

Prisoner complaint - page 48 of 48

## D.  PREVIOUS OR PENDING LAWSUITS

I have pursued or am now pursuing the following other lawsuits: *(include (1) all lawsuits in state or federal court related to the subject matter of this action, and (2) any federal court civil rights lawsuits, related or unrelated, and note whether you have received a strike under 28 U.S.C. § 1915(g) for filing a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted.)*

| Court | Case No. | Case Name | Status of Case | Strike? |
|-------|----------|-----------|----------------|---------|
|       |          |           |                |         |
|       |          |           |                |         |
|       |          |           |                |         |

## E.  REQUEST FOR APPOINTMENT OF ATTORNEY

I do ●  do not ○  request that an attorney be appointed to represent me in this matter. I believe that I am in need of an attorney for these particular reasons which make it difficult for me to pursue this matter without an attorney:

These are complex issues, there will be criminal charges, the amount requested will require seizure of bonds, it will serve the interest of justice, I am indigent as well.

## F.  DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury:

that I am the plaintiff in this action, that I have read the complaint, and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621; and

that I deposited this complaint postage prepaid in a United States postal depository unit on _____ *(date)*; OR that I gave the complaint to prison officials for mailing and filing with the Clerk of Court under the indigent inmate policy on 12/26/2022 *(date)*; OR *(specify other method)* _____.

Executed at  Ada County Jail  on  12/26/2022 .
         *(Location)*          *(Date)*

R. Wilkins
*Plaintiff's Original Signature*

*Note: Fill in the page numbers. Keep one copy of the complaint for yourself (or you may send a copy to the Clerk of Court with your original complaint so that the Clerk can stamp the date and case number on the copy and return it to you), but do not send extra copies of the complaint to the Court for Defendants or otherwise. Do not attach original exhibits to your complaint, such as your only grievance copy. Do not attach more than 25 pages of exhibits. If you have more exhibits, wait until the Court determines you can proceed and then seek leave to file them for an appropriate purpose. After your complaint has been filed, it must be reviewed by a federal judge to determine whether you can proceed.*